UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL O. HALE,

      Petitioner,

          v.                              CAUSE NO. 3:25-CV-709-PPS-AZ

WARDEN,

      Respondent.

OPINION AND ORDER

Michael O. Hale, a prisoner without a lawyer, filed a habeas petition challenging a prison disciplinary hearing wherein Hale was found guilty of battering a staff member. He was docked 360 days of earned credit time as a result. He was further sanctioned with a demotion in his credit class which impacts his ability to receive good time credits. In the pending motion to dismiss, the Warden argues that this case is moot because Hale's guilty finding has since been vacated, the sanctions were reversed and all good time credit restored. ECF 14. In support of his argument, the Warden provided a letter from the Appeal Review Officer and credit time calculation printouts from the departmental inmate database purporting to show that all of his good time credits have been properly restored. ECF 14-1; ECF 14-2; ECF 14-3. In response, Hale claimed the Warden's calculations are incorrect. From Hale's point of view, his earliest possible release date (EPRD) should be 90 days sooner. ECF 16.

After receiving the initial round of briefing, I decided I needed more information to properly resolve the dispute. ECF 17. In that order, I observed that Hale failed to

adequately explain how he calculated his release date and that it was not apparent from the record which party was correct. *Id.* Consequently, I ordered the Warden to identify Hale's earliest possible release date and provide a detailed explanation as to how vacating the sanctions in connection with this disciplinary case affected its calculation. *Id*.

The Warden has since filed a response, supported by the sworn declaration of Jennifer Farmer, Director of Sentence Computation and Release for the Indiana Department of Correction. ECF 18; ECF 18-1. The Farmer Declaration accounts for every day added to Hale's earliest possible release date (EPRD) as a result of the disciplinary sanctions. I have carefully reviewed the calculations in the declaration and confirm that Hale's current EPRD—January 19, 2035—is correct. This is precisely the EPRD that Hale had before the sanctions were applied. ECF 18-1 at ¶¶ 5-6.

Hale filed a reply in which he shifted his argument to a claim relating to something called "Case Plan Credit Time" or CPCT. ECF 19. This appears to be a reference to the Indiana statute allowing inmates to earn educational credit if they successfully complete the requirements of an "individualized case management plan approved by the department of correction." Ind. Code. § 35-50-6-3.3(b)(3)(E). Hale contends that he was given 563 days of CPCT but is actually owed four years' worth. ECF 19 at ¶6. He also says the 563 days were not properly applied to his EPRD. *Id*. at ¶7.

Hale's dispute concerning CPCT credits is an entirely separate matter from the claim he originally made in this petition. Hale does not offer any explanation of how the

2

CPCT issue is connected to the disciplinary sanctions imposed in this case. Nor does Hale's reply otherwise address how the habeas petition is not rendered moot by the vacatur of the sanctions affecting the length of his sentence. Because the disciplinary case has been set for a rehearing, and the sanctions extending Hale's EPRD have been properly reversed, Hale's habeas petition (ECF 1) is moot and will therefore be dismissed.

If Hale wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because I find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) GRANTS the motion to dismiss (ECF 14);

(2) DISMISSES the habeas petition (ECF 1) because the claims are moot;

(3) DIRECTS the clerk to enter judgment and close this case; and

(4) DENIES Michael O. Hale leave to proceed *in forma pauperis* on appeal.

**SO ORDERED.**

ENTERED: June 10, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

3